Sidney I. GREENE, Noel Goldblatt and
Lionel Goldblatt, co-partners doing busi-
ness as Morris Fisheries Co., and Ho-
Ma Packing Company, Plaintiffs-Appel-
lants,

v.

Geoffrey CHEETHAM, Defendant-
Appellee.

No. 323, Docket 28037.

United States Court of Appeals
Second Circuit.

Argued April 15, 1963.

Decided April 30, 1963.

Samuel M. Sprafkin, New York City (Mandel M. Einhorn, New York City, of counsel), for plaintiffs-appellants.

William Warner, of Symmers, Fish & Warner, New York City, for defendant-appellee.

Before SMITH, KAUFMAN and MARSHALL, Circuit Judges.

PER CURIAM.

This is an action on an insurance policy for loss resulting from a seizure of a quantity of frozen fish by the Food & Drug Administration as unfit for human consumption. The facts are fully set out in our opinion on the prior appeal in this litigation, 2 Cir., 293 F.2d 933. The policy contained a provision reading: "In case of Goods arriving damaged immediate notice must be given to the Lloyd's Agent authorized to settle claims under this Certificate in order that he may survey them." The opinion on the prior appeal stated that "[t]he underwriters could reasonably require that they be notified of damage so as to enable them to take action to limit their prospective loss, and, also, could reasonably require that they be further notified when some 'held covered' event occurred, such as condemnation." 293 F.2d at 938. We remanded for consideration whether the policy required notice not only at the time of loss by condemnation but also at the first time at which plaintiffs became aware of the damage and if so, whether plaintiffs were in fact aware of the damage to the fish some months previous to the condemnation and initial notice to the insurers. We do not find it necessary to reach consideration of the other issues remanded and the disposition of them made by the District Court.

The District Court, sitting without a jury, found that plaintiffs knew that the fish were damaged some months previous to the condemnation and that they did not give notice as found to be required by the policy. We hold this reading of the above-quoted clause to require such notice reasonable—indeed nearly inescapable. Despite the plaintiffs' denials, evidence that they were aware of the damaged condition of the fish is convincing. Large prospective purchasers had refused to consummate sales because the fish were "bad". It is difficult to believe that plaintiffs would have made no inspection of the fish at that time. Moreover, both Greene (one of the plaintiffs) and Schulman (sales manager for the plaintiff partnership) actually wrote letters to the shipper of the fish in which they complained of its quality and stated that they had "inspected" it. Their explanations of these statements did not convince the District Court, charged with making the primary resolution of conflicting testimony and issues of credibility, nor do they convince us to reverse that resolution. We refuse to disturb the factual findings that plaintiffs had knowledge of the damage long prior to their first notice to the insurer and that they are therefore precluded from recovery. Plaintiffs' other assignments of error are patently without merit.

Judgment affirmed.